IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS WATERS a/k/a AFENI SHAKUR, | : | |
|     Plaintiff | : | No. 1:23-cv-01018 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| J. GRIZZANTI, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

The Court ordered pro se Plaintiff Thomas Waters ("Waters") to show cause why the Court should not dismiss this action for lack of prosecution. For the reasons set forth below, the Court will dismiss this case with prejudice for lack of prosecution.

**I.    BACKGROUND**

Waters commenced this action by filing a complaint, which was docketed by the Clerk of Court on June 21, 2023. (Doc. No. 1.)[1] Although Waters neither remitted the filing fee nor sought leave to proceed in forma pauperis when he filed his complaint, Waters later filed three (3) applications for leave in forma pauperis (Doc. Nos. 4, 9, 13) and two (2) prisoner trust fund account statements (Doc. Nos. 12, 14). Additionally, Waters filed a motion to amend his complaint and an amended complaint on July 12, 2023, and July 14, 2023, respectively. (Doc. Nos. 7, 8.) On August 8, 2023, Waters filed another motion to amend his complaint. (Doc. No. 15.)

On August 15, 2023, the Court issued an Order which, inter alia, granted Waters leave to proceed in forma pauperis, deemed his amended complaint filed, construed Waters's August 8,

---

[1] Waters also referred to himself as "Mr. Afeni Shakur" and "Nephilim Shakur Waters" in his complaint. (Doc. No. 1 at 1.)

2023 motion as a motion for leave to file a second amended complaint, granted Waters leave to file a second amended complaint, directed him to file a second amended complaint within thirty (30) days, and denied as moot his motion to amend his original complaint. (Doc. No. 17.) Waters filed a motion for reconsideration of the portion of the Court's Order denying as moot his motion to amend his original complaint. (Doc. No. 18.) On September 1, 2023, the Court issued an Order denying Waters's motion for reconsideration and extending the time for him to file a second amended complaint. (Doc. No. 19.)

Waters filed a second amended complaint on September 6, 2023. (Doc. No. 20.) However, he also filed another motion seeking reconsideration of the portion of the Court's August 15, 2023 Order denying as moot his motion to amend his original complaint along with a supporting brief on September 12, 2023, and September 14, 2023, respectively. (Doc. Nos. 21, 22.) Waters then proceeded to file a motion for a default judgment on September 19, 2023 (Doc. No. 24), a motion for a temporary restraining order on September 28, 2023 (Doc. No. 26), and a motion for summary judgment on October 3, 2023 (Doc. No. 27). Ten (10) days later, Waters filed a notice of appeal to the Third Circuit Court of Appeals. (Doc. No. 29.)

The Third Circuit dismissed the appeal for lack of jurisdiction on February 8, 2024 (Doc. No. 32), after which Waters filed a petition for a writ of certiorari with the United State Supreme Court (Doc. No. 33). According to the Supreme Court's docket,[2] it denied Waters's petition on October 7, 2024. See Waters v. Fed. Bureau of Prisons, No. 24-5228 (U.S. filed Apr. 14, 2024). Waters has not notified this Court of that denial.

While Waters's petition for a writ of certiorari was pending before the Supreme Court, he filed another complaint in this District on July 5, 2024, which was docketed at Waters v. Talutto,

---

[2] The Supreme Court's docket is available at https://www.supremecourt.gov/docket/docket.aspx.

et al., No. 1:24-cv-01113 (M.D. Pa. filed July 5, 2024) ("Waters II"). In that case, after mail sent to Waters in July and August 2024 was returned as undeliverable, the Honorable Jennifer P. Wilson issued an Order on October 11, 2024, in which she indicated that she would deem Waters to have abandoned the lawsuit if he did not update his mailing address by November 11, 2024. See Waters II, ECF No. 13. Waters did not update his address; as such, Judge Wilson entered an Order dismissing the case on November 18, 2024.[3] See id., ECF No. 15.

On May 13, 2025, the Court issued an Order which, inter alia, denied Waters's second motion for reconsideration and deemed withdrawn his motions for a default judgment, for a temporary restraining order, and for summary judgment. (Doc. No. 34.) The Court also pointed out that based on the proceedings in Waters II, it appeared that despite being released from prison more than six (6) months ago, Waters had not updated his mailing address with the Clerk of Court as required by the Local Rules. (Id. at 4.) Based on that failure, the Court ordered Waters to show cause why the Court should not dismiss this case with prejudice for lack of prosecution. (Id. at 4–5.) The Court also admonished Waters that if he did not timely file a

---

[3] Judge Wilson appears to have dismissed the case pursuant to Local Rule 83.18, which provides as follows:

> Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party. Service of any notices, copies of pleadings, motions or papers in the action at the address currently maintained on file in the clerk's office by a party shall be deemed to be effective service upon such party.

See M.D. Pa. L.R. 83.18.

3

response to the Order, the Court would deem him to be unopposed to dismissal of this action with prejudice for lack of prosecution. (Id. at 5.)[4]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure of a plaintiff "to prosecute or to comply with these rules or a court order[.]" See Fed. R. Civ. P. 41(b). District courts also have the inherent power to dismiss an action sua sponte for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); see also R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (stating that "[c]ourts possess inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and that "[t]his includes the authority to dismiss a case for lack of prosecution" (citation, internal citation, and internal quotation marks omitted)).

When determining whether to dismiss an action with prejudice for a plaintiff's failure to prosecute under Rule 41(b), the Court considers and balances the following six (6) factors set forth by the Third Circuit Court of Appeals in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

See id. at 868–70; see also Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994) ("Ordinarily, when a court is determining sua sponte or upon motion of a defendant whether to dismiss

---

[4] The envelope containing this Order sent to Waters was returned as undeliverable. (Doc. No. 35.)

because of a plaintiff's failure to prosecute" the court must consider the Poulis factors).[5]

However, no single factor is dispositive, and not all factors must be satisfied for the Court to

---

[5] In a nonprecedential opinion, the Third Circuit Court of Appeals explained that even though district courts should ordinarily apply Poulis when considering whether to dismiss an action with prejudice for failure to prosecute, "when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary." See McLaren v. N.J. Dep't of Educ., 462 F. App'x 148, 149 (3d Cir. 2012) (unpublished) (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and Spain, 26 F.3d at 454–55). The Third Circuit identified a plaintiff's failure to provide the court with an up-to-date address as an example of a litigant's conduct making a case impossible to adjudicate. See id. In these circumstances,

> although courts are normally required to consider whether a lesser sanction would be appropriate (when applying Poulis), "[t]he district court could not contact [the plaintiff] to threaten [them] with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."

See id. (quoting Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)) (alterations in original). Following this reasoning, the Third Circuit concluded that it was not an abuse of discretion for a district court to dismiss a "case as a sanction for [the plaintiff's] failure to provide the Court with an accurate mailing address." See id.

Several district courts have adopted the Third Circuit's reasoning and dismissed actions with and without prejudice for failure to prosecute without considering Poulis where the plaintiff failed to update their address. See, e.g., Patel v. Benjamin, No. 23-cv-00972, 2023 WL 11983380, at *2 (M.D. Pa. Nov. 2, 2023) (explaining that because of "the plaintiff's failure to provide the court with an appropriate current address . . ., neither the court nor the defendant has any way to communicate with the plaintiff making it impossible to move this litigation forward" and determining that dismissal of the action without prejudice was warranted "because the plaintiff abandoned her affirmative obligation of updating the court as to her address" (citing Capozzi v. Catering By Marlins, Inc., No. 17-cv-02413, 2021 WL 5504753, at *1–2 (M.D. Pa. Oct. 20, 2021), report and recommendation adopted, 2021 WL 5494317 (M.D. Pa. Nov. 23, 2021)); Welch v. City of Philadelphia, No. 11-cv-04670, 2012 WL 1946831, at *4 (E.D. Pa. May 30, 2012) (dismissing action with prejudice for lack of prosecution and explaining that "when neither the Court nor opposing counsel can reach the plaintiff because he has not furnished an up-to-date address . . ., and when plaintiff has not responded to his opponents' allegations regarding his failure-to-prosecute . . ., we have no choice but to act on the information before us; Plaintiff has, in essence, made adjudication of the case impossible."). Here, even assuming the persuasiveness of this line of reasoning, the Court considers the Poulis factors before dismissing this case for lack of prosecution because of the possible application of the statute of limitations if Waters were to try to refile this case. See, e.g., Hernandez v. Palakovich, 293 F. App'x 890, 894 n.8 (3d Cir. 2008) (unpublished) (explaining that district courts must apply Poulis where "a pro se litigant's right to bring suit may well be irretrievably lost if the dismissal stands"); Davis v.

dismiss an action. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (stating that "we have also made it clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint'" (quoting Mindek, 964 F.2d at 1373)). Nevertheless, because "'dismissals with prejudice . . . are drastic sanctions' . . . it is imperative that the District Court have a full understanding of the surrounding facts and circumstances pertinent to the Poulis factors before it undertakes its analysis." See Briscoe, 538 F.3d at 258 (quoting Poulis, 747 F.2d at 867–68).

### III.   DISCUSSION

To determine whether dismissal is appropriate here, the Court will consider each of the Poulis factors. As explained below, the Court's balancing of those factors shows that dismissal of this action with prejudice is warranted.

#### A.   The Party's Personal Responsibility

The first factor is the extent of the party's personal responsibility. Here, Waters is personally responsible for his failure to prosecute. He is prosecuting this matter in a pro se capacity and has no one else to blame for his failure to act in this case. See Briscoe, 538 F.3d at 258–59 ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in [their] case because a pro se plaintiff is solely responsible for the progress of [their] case . . . ."); see also Clarke v. Nicholson, 153 F. App'x 69, 73 (3d Cir. 2005) (unpublished) ("[U]nlike a situation where dismissal is predicated upon an attorney's error, the plaintiff here was pro se and directly responsible for her actions and inaction in the litigation."). In addition, upon filing his complaint

---

Giorla, No. 14-cv-06629, 2016 WL 6905387, at *1 (E.D. Pa. Nov. 22, 2016) (explaining that balancing Poulis factors was needed because any dismissal would be with prejudice due to statute of limitations bar).

in this case, Waters received notice of his obligation to update his address and the possibility that this case could be dismissed if he failed to do so:

> ***Change-of-address notice***. Local Rule of Court 83.18 requires pro se plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

See (Doc. No. 2-2 at 3–4).[6] Therefore, since Waters is personally responsible for failing to prosecute this case, agreed to update his address with the Clerk of Court, and had notice that he risked dismissal of this case if he failed to update his address, this first factor weighs heavily in favor of dismissal.

### B.     Extent of Prejudice to the Defendants

The second factor is the extent of prejudice to Defendants caused by Waters's failure to prosecute. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe, 538 F.3d at 259 (citation and internal quotation marks omitted). Prejudice, however, "is not limited to irremediable or irreparable harm. It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." See id. (citations and internal quotation marks omitted). For example,

---

[6] Local Rule 83.18 states in pertinent part as follows:

> Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.

See M.D. Pa. L.R. 83.18.

prejudice can "include the burden that a party must bear when forced to file motions in response to the strategic discovery tactics of an adversary[.]"  See Ware v. Rodale Press, Inc., 322 F.3d 218, 223 (3d Cir. 2003) (citation omitted); see also Poulis, 747 F.2d at 868 (concluding that the district court's finding of prejudice to the defendant was "supported by the record" where "[t]he interrogatories were never answered nor were objections filed[, and] defense counsel was obliged to file a motion to compel answers, and was obliged to file its pretrial statement without the opportunity to review plaintiffs' pretrial statement which was due to be filed first").

Here, Defendants are prejudiced by Waters's failure to update his address because it makes "it impossible for [them] to proceed with this case."  See Dorsey v. Marsh, No. 23-cv-01390, 2023 WL 8259259, at *1 (M.D. Pa. Nov. 29, 2023).  Thus, the second factor weighs in favor of dismissal.

### C.    The Plaintiff's History of Dilatoriness

The third factor is whether Waters has a history of dilatoriness.  A court can find a pattern of dilatoriness where there has been "extensive or repeated delay or delinquency . . . such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  See Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 873–74 (3d Cir. 1994).  Here, Waters has not taken any action in this case since the Supreme Court denied his petition for a writ of certiorari on October 7, 2024.  As such, Waters has demonstrated a history of dilatoriness, which weighs in favor of dismissal.

### D.    Whether the Plaintiff's Conduct Was Willful or in Bad Faith

The fourth factor is whether Waters's conduct was willful or in bad faith.  In evaluating this factor, the Court must determine whether the conduct at issue reflects mere inadvertence or negligence, or conversely, whether it is "the type of willful or contumacious behavior which [can

8

be] characterized as 'flagrant bad faith.'" See Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). There is nothing in the record to indicate that Waters's failure to update his address constitutes mere inadvertence or negligence, but the Court cannot similarly ascertain whether this conduct demonstrates flagrant bad faith. Waters has been "silent, and . . . silence is ambiguous." See El-Hewie v. Paterson Pub. Sch. Dist., No. 13-cv-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015). As such, the Court finds that this factor is neutral.

### E. The Effectiveness of Sanctions Other Than Dismissal

The fifth factor is the effectiveness of sanctions other than dismissal. "[S]anctions less than dismissal [are] ineffective when a litigant . . . is proceeding pro se and in forma pauperis." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (unpublished); see also Briscoe, 538 F.3d at 262–63 ("[W]here a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative.'" (quoting Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002))). Here, Waters is proceeding in forma pauperis (Doc. No. 17), so the threat of monetary compliance (including fines, costs, or payment of attorney's fees) is unlikely to prompt compliance. Therefore, this factor weighs in favor of dismissal.

### F. The Meritoriousness of the Claim(s)

The sixth and final factor is the meritoriousness of Waters's claims in his second amended complaint. When evaluating this factor, courts must apply the Rule 12(b)(6) standard for addressing motions to dismiss. Here, Waters includes numerous allegations and claims against several Defendants in his second amended complaint (Doc. No. 20 at 5–8). While at

9

least some of those claims, such as his Eighth Amendment excessive force claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, are meritless, he appears to assert one claim of arguable merit insofar as he alleges that the Religious Freedom Restoration Act of 1993 as well as his First Amendment rights were violated while he was incarcerated at the Lackawanna County Jail.  (<u>Id.</u> at 7.)  Thus, this factor weighs at least in part against dismissal.

### G.     Balancing the Factors

When balancing the <u>Poulis</u> factors, there is no "magic formula" or mathematical calculation used to direct a particular result.  See <u>Briscoe</u>, 538 F.3d at 263.  Also, as stated above, "no single <u>Poulis</u> factor is dispositive," and that "not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint."  See <u>Ware</u>, 322 F.3d at 222; <u>Mindek</u>, 964 F.2d at 1373.  In balancing the factors here, the Court is mindful that dismissal "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits."  See <u>Liggon-Reading v. Est. of Sugarman</u>, 659 F.3d 258, 260 n.1 (3d Cir. 2011) (citations omitted).

In this case, the first, second, third, and fifth factors weigh heavily in favor of dismissal.  The fourth factor is neutral, and the only factor weighing against dismissal, at least in part, is the sixth factor.  Although the Court recognizes that Waters has alleged a claim with possible merit, there are simply no alternative sanctions that would adequately punish Waters, and the case cannot proceed without his participation and an address to which Defendants and the Court can communicate with him.  Overall, Waters continues to demonstrate that he has no intent to prosecute this case.  Therefore, the Court finds that upon balancing the <u>Poulis</u> factors, dismissal with prejudice is warranted and appropriate in this case.

## IV.     CONCLUSION

For the reasons stated above, the Court will dismiss this action with prejudice for lack of prosecution and will direct the Clerk of Court to close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
